**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
Brownstein Rask, LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074

**Nathan R. Ring**, OSB #172663
nring@theurbanlawfirm.com
The Urban Law Firm
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
P: 425.646.2394 | F: 425.572.6687

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS PENSION TRUST FUND, TRUSTEES OF THE OREGON AND SOUTHWEST WASHINGTON PAINTERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST, TRUSTEES OF OREGON AND SOUTHWEST WASHINGTON PAINTERS LABOR MANAGEMENT COOPERATION TRUST FUND, TRUSTEES OF THE SIGNATORY PAINTING CONTRACTORS ORGANIZATION INDUSTRY PROMOTION FUND and PAINTERS DISTRICT COUNCIL NO. 5,<br><br>Plaintiffs, | Civil No. ___________________<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |



v.

McCORMICK INDUSTRIAL ABATEMENT SERVICES, INC. and SHAWNA McCORMICK,

Defendants.

---

Plaintiffs allege:

**I**

**THE PARTIES**

1. Plaintiffs are the Trustees of the Oregon and Southwest Washington Painters Pension Trust Fund (Pension Fund), the Oregon and Southwest Washington Painters Apprenticeship and Training Trust Fund (Training Fund), the Employee Painters' Trust (Health Fund), the Oregon and Southwest Washington Painters Labor Management Cooperation Trust Fund (Cooperation Fund), the Signatory Painting Contractors Organization Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds") and Painters District Council No. 5 (Union).

2. The Training Fund and Health Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Training Fund, Health Fund and Pension Fund and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Training Fund, Health Fund and Pension Fund have discretionary authority to control and manage the Trust Funds and are "fiduciaries" of the Trust Funds as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.



3. The Cooperation Fund is a Trust Fund governed by a Board of Trustees. The Cooperation Fund receives contributions from employers bound by collective bargaining agreements with the Union and uses the contributions for purposes consistent with the Labor-Management Cooperation Act of 1978.

4. The Promotion Fund is a Trust Fund governed by a Board of Trustees. The Promotion Fund receives contributions from employers bound by collective bargaining agreements with the Union and uses the contributions to promote the painting industry in Oregon and Southwest Washington.

5. The Union is a labor organization with its principal office and place of business in King County, Washington. The Union is the successor of Painters District Council No. 55.

6. Defendant McCormick Industrial Abatement Services, Inc. ("Defendant Company") is an Arkansas corporation. At all times material to this proceeding (January 2012 through December 2015), Defendant Company was an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA, and was engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. § § 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

7. At all times material to this proceeding (January 2012 through December 2015), Defendant Shawna McCormick ("Defendant Owner") was an officer and owner of Defendant Company who was responsible for ensuring that Defendant Company paid all required health contributions to the Health Fund.

/// ///

/// ///

/// ///

BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074

## II

## JURISDICTION AND VENUE

8. The Court has jurisdiction over the First Claim for Relief brought by the Trustees of the Health Fund, Pension Fund and Training Fund against Defendant Company for violation of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. § 1132(e)(1) of ERISA.

9. At all times material to this proceeding (January 2012 through December 2015), a written collective bargaining agreement existed between the Union and Defendant Company. The collective bargaining agreement covers employees in an industry affecting commerce, and all activities of Defendant Company affect commerce. The Court also has jurisdiction over the First Claim for Relief brought by each Plaintiff against Defendant Company pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

10. The Court has jurisdiction over the Second Claim for Relief brought by the Trustees of the Health Fund against Defendant Owner pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

11. The obligations of Defendants to Plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claim each Plaintiff has against Defendants.

/// ///

/// ///

/// ///



**IV**

**FIRST CLAIM FOR RELIEF**

12. At all times material to this proceeding (January 2012 through December 2015), Defendant Company was bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, Defendant Company agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and agreed to remit union dues to the Union. Defendant Company also agreed to pay his fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed by its employees. Defendant Company further agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.

13. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions. The collective bargaining agreement provides that, in the event an employer fails to make a timely payment of union dues, the employer is liable for the delinquent union dues.

14. The Trust Agreements that created the Pension Fund, Training Fund, Health Fund, Cooperation Fund and Promotion Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, interest shall be assessed on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid at the rate of 12% per annum. The Union is entitled to recover interest on the

/// ///

delinquent and late paid union dues from the date each payment became due until paid at the rate of nine (9) percent per annum pursuant to the provisions of ORS 82.010.

15. The Trust Agreements that created the Pension Fund and Training Fund provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid contributions or $30.00 per Trust Fund per month, whichever is greater. The Trust Agreement that created the Health Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to 12% of the delinquent or late paid contributions or $100.00 per month, whichever is greater. The Trust Agreement that created the Cooperation Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to ten (10) percent of the delinquent or late paid contributions. The Trust Agreement that created the Promotion Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages in an amount equal to five (5) percent of the delinquent or late paid contributions.

16. Plaintiffs conducted a payroll examination of Defendant Company's books and records for the time period from January 2012 through December 2015, in order to determine whether Defendant Company paid all required fringe benefit contributions and union dues to Plaintiffs.

17. Based on the results of said payroll examination, Defendant Company owes the following amounts to Plaintiffs: $167,652.99 in fringe benefits contributions and union dues; $46,373.64 in liquidated damages; and $69,082.90 in interest calculated through November 30,

BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074

2017, with interest continuing to accrue on the sum of the fringe benefit contributions ($151,664.35) at the rate of 12% per annum from December 1, 2017, through entry of judgment, and interest continuing to accrue on the sum of the union dues ($15,987.74) at the rate of nine percent per annum from December 1, 2017, through entry of judgment.

18. The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay all required fringe benefit contributions by the due date and legal proceedings are instituted, the Trust Funds are entitled to recover their attorney fees. The Trust Funds are entitled to recover their attorney fees from Defendant Company.

19. The Trustees of the Pension Fund, Training Fund and Health Fund are entitled to recover their attorney fees from Defendant Company pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

20. The collective bargaining agreement between the Union and Defendant Company provides that, in the event an employer fails to pay all required union dues by the due date and legal proceedings are instituted, the Union is entitled to recover its attorney fees. The Union is entitled to recover its attorney fees from Defendant Company.

21. The Trust Agreements that created the Trust Funds provide that, in the event a payroll examination of an employer's books and records is conducted and fringe benefit contributions are found due and owing, the Trust Funds are entitled to a reasonable payroll examination fee. Based on the terms of the Trust Agreements, the Trust Funds are entitled to recover a reasonable payroll examination fee from Defendant Company.

22. The collective bargaining agreement between the Union and Defendant Company provides that, in the event a payroll examination of an employer's books and records is conducted and union dues are found due and owing, the Union is entitled to a reasonable payroll



examination fee. Based on the terms of the collective bargaining agreement, the Union is entitled to recover a reasonable payroll examination fee from Defendant Company.

23. The Trustees of the Pension Fund, Health Fund and Training Fund are entitled to recover a reasonable payroll examination fee from Defendant Company pursuant to the provisions of 29 U.S.C. §1132(g)(2)(E) of ERISA.

24. To date, the Trust Funds and Union have incurred $4,395.00 in payroll examination fees. Defendant Company should be required to pay $4,395.00 in payroll examination fees, together with any additional payroll examination fees that the Trust Funds and Union incur herein.

**V**

**SECOND CLAIM FOR RELIEF**

25. The Trustees of the Health Fund re-allege and hereby incorporate by reference paragraphs 1 through 24 as though fully set forth herein.

26. The Trust Agreement that created the Health Fund provides that in the event an employer, such as Defendant Company, fails to pay all required contributions to the Health Fund, the president, the treasurer, and any other corporate officer who is responsible for the payment of health contributions to the Health Fund shall be individually liable for the payment of the health contributions, liquidated damages, interest, attorneys' fees and court costs.

27. Based on the terms of the Trust Agreement that created the Health Fund, Defendant Owner, as the president and secretary of Defendant Company, is personally liable for $95,338.45 in health contributions owed to the Health Fund for the period at issue in this matter, plus $40,744.60 in liquidated damages, and $40,186.45 in interest on the unpaid health contributions calculated through November 30, 2017, with interest continuing to accrue on the

BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074

amount of $95,338.45 at the rate of 12% per annum from December 1, 2017, through entry of judgment, together with the Health Fund's attorney fees and court costs incurred herein.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendants as follows:

1. On the **First Claim for Relief**, requiring Defendant Company to pay the following amounts to Plaintiffs: $167,652.99 in fringe benefits contributions and union dues; $46,373.64 in liquidated damages; and $69,082.90 in interest calculated through November 30, 2017, with interest continuing to accrue on the sum of the fringe benefit contributions ($151,664.35) at the rate of 12% per annum from December 1, 2017, through entry of judgment, and interest continuing to accrue on the sum of the union dues ($15,987.74) at the rate of nine percent per annum from December 1, 2017, through entry of judgment; plus $4,395.00 in payroll examination fees, together with any additional payroll examination fees that Plaintiffs incur herein;

2. On the **Second Claim for Relief**, requiring Defendant Owner to pay the following amounts to the Trustees of the Health Fund: $95,338.45 in health contributions owed to the Health Fund, plus $40,744.60 in liquidated damages and $40,186.45 in interest on the unpaid health contributions calculated through November 30, 2017, with interest continuing to accrue on the amount of $95,338.45 at the rate of 12% per annum from December 1, 2017, through entry of judgment;

3. Requiring Defendant Company to pay Plaintiffs' attorney fees and costs incurred herein;

4. Requiring Defendant Owner to pay the Health Fund's attorney fees and costs incurred herein;

/// ///

BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074

5. Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant Company's books and records (for any time period after December 31, 2015) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendants to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees;

6. For such further equitable relief as the Court deems just and proper.

DATED this 8th day of March 2018.

**BROWNSTEIN RASK, LLP**

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorneys for Plaintiffs Trustees of the Oregon and Southwest Washington Painters Pension Trust Fund, Trustees of the Oregon and Southwest Washington Drywall Apprenticeship and Training Trust Fund, Trustees of Oregon and Southwest Washington Painters Labor Management Cooperation Trust Fund, and Trustees of the Signatory Painting Contractors Organization Industry Promotion Fund

**THE URBAN LAW FIRM**

/s/ Nathan R. Ring
Nathan R. Ring, OSB #172663
Attorney for Plaintiffs Trustees of the Employee Painters' Trust and Painters District Council No. 5

BROWNSTEIN RASK LLP
1200 Main Street Portland, Oregon 97205
P: 503 221 1772 F: 503 221 1074